JS 44 (Rev. 11/04)      **CIVIL COVER SHEET**      **APPENDIX H**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANTHONY QUINN AND BRYNLEY QUINN

## DEFENDANTS
STATE FARM FIRE AND CASUALTY COMPANY

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    MCLEAN, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anthony B. Quinn, Esquire, 1420 Walnut Street, Suite 1107, Philadelphia, PA 19102 (215) 731-0340

Attorneys (If Known)
Pamela A. Carlos, Esquire, Bennett, Bricklin & Saltzburg, LLC, 1601 Market Street, 16th Floor, Philadelphia, PA 19103 - (215) 665-3315

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| X 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    X 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332, 1441 and 1446
Brief description of cause:
breach of contract, bad faith pursuant to 42 Pa. C.S.A. 8371

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ In excess $75,000    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   X No

## VIII. RELATED CASE(S) IF ANY
(See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE
July 16, 2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _1420 Walnut Street, Suite 1107, Philadelphia, PA 19102_

Address of Defendant: _One State Farm Drive, Bloomington, Illinois, 61701_

Place of Accident, Incident or Transaction _66 Paladin Drive, Wilmington, Delaware, 19802_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Yes☐     No X

Does this case involve multidistrict litigation possibilities?          Yes☐     No X
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. X  Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I,_____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the claimed damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                          Attorney-at-Law                    Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE:  _July 16, 2014_ _      _Pamela A. Carlos, Esquire_        _56396_
                                          Attorney-at-Law                    Attorney I.D.#

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY B. QUINN AND** : | |
| **BRYNLEY QUINN** : | **No.** |
| **vs.** : | |
| : | |
| **STATE FARM FIRE AND CASUALTY** : | |
| **COMPANY** : | |

## DISCLOSURE STATEMENT FORM

Please check one box:

**X**　　　　　100 % stock of the nongovernmental corporate party, State Farm Fire and Casualty Company is owned by State Farm Mutual Insurance Company. No publicly traded entity owns any of its stock.


　　　　　The nongovernmental corporate party, _____ _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:


___July 16, 2014___
　　　　Date

___[signature]___
　　　　Signature

　　　　Counsel for:　　　　State Farm Fire and Casualty
　　　　　　　　　　　　　　　Company

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY QUINN AND** | : | |
| **BRYNLEY QUINN** | : | **No.** |
| vs. | : | |
| | : | |
| **STATE FARM FIRE AND CASUALTY** | : | |
| **COMPANY** | : | |

## DISCLOSURE STATEMENT FORM

Please check one box:

✗  100 % stock of the nongovernmental corporate party, State Farm Fire and Casualty Company is owned by State Farm Mutual Insurance Company. No publicly traded entity owns any of its stock.


   The nongovernmental corporate party, _____
_____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:


 July 16, 2014                
    Date           Signature

      Counsel for:   State Farm Fire and Casualty
                 Company

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **ANTHONY B. QUINN AND** | : | |
| **BRYNLEY QUINN** | : | **No.** |
| vs. | : | |
| | : | |
| **STATE FARM FIRE AND CASUALTY** | : | |
| **COMPANY** | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiffs shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
       and Human Services denying plaintiff Social Security Benefits                ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
       exposure to asbestos.                                                        ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
       commonly referred to as complex and that need special or intense management by
       the court.  (See reverse side of this form for a detailed explanation of special
       management cases.)                                                          ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.   (X)


| | | |
|---|---|---|
| _July 16, 2014_ | _(signature)_ | **Pamela A. Carlos, Esquire** |
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |
| _(215) 665-3315_ | _(215) 561-6661_ | carlos@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY B. QUINN AND BRYNLEY QUINN | : **CIVIL ACTION** |
| v. | : |
| | : |
| STATE FARM FIRE AND CASUALTY COMPANY | : **NO:** |
| | : |

## NOTICE FOR REMOVAL

AND NOW, comes Defendant, State Farm Fire and Casualty Company ("State Farm"), for the purpose only of removing this case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, June Term 2014 No. 1802.

2.      Said action was commenced on June 12, 2014 by filing of a complaint. A true and correct copy of the complaint is attached hereto as Exhibit "A."

3.      The complaint was served upon defendant on June 16, 2014.

4.      The averments made herein are true and correct with respect to the date and time upon which suit was commenced and the date upon which this notice is being filed.

5.      This suit is of a civil nature and involves a controversy between citizens of different states. According to the averments of the complaint, plaintiffs are citizens of the Commonwealth of Pennsylvania. Defendant State Farm is now and was at the time plaintiffs commenced this civil action and filed their complaint, a corporation organized under the laws of the State of Illinois and with its principal place of business at One State Farm Plaza, Bloomington, Illinois.

6.      State Farm has simultaneously with the filing of this notice, given written notice to

plaintiffs.

7.     State Farm is also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

8.     The Complaint asserts counts of breach of contract, breach of the duty of good faith and fair dealing, bad faith pursuant to 42 PA C.S.A. § 8371, unfair credit reporting and unfair and deceptive acts and practices against Defendant.

9.     State Farm seeks to remove this matter to the United State District Court for the Eastern District of Pennsylvania. State Farm asserts that the amount in controversy in this matter exceeds $75,000. As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mutual Automobile Insurance Company, 961 F.Supp. 808, 810 (E.D. Pa. 1997).

10.     In determining whether the jurisdiction amount has been satisfied, the Court must first look at the complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Cir. 1993).

11.     The underlying lawsuit arises out of State Farm's handling of a property damage claim, under a condominium owner's policy, occurring on November 15, 2013 at 66 Paladin Drive in Wilmington, Delaware.

12.     On the breach of contract claim, plaintiffs allege damages of approximately $29,000. Under the bad faith count of the complaint, plaintiffs also seek exemplary damages, interest (at a rate of 18% per diem), attorneys fees and costs.

13.     Attorney's fees must also be included in determining the amount in controversy. Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995). It would not be unreasonable to expect that over the course of an approximate six month litigation, counsel could incur costs and fees in an amount approaching $15,000.

14.     In addition, plaintiffs also seek punitive damages pursuant to 42 Pa. C.S.A. §8371. Whether both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. Bell vs. Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).

15.     In the event plaintiffs are able to sustain a finding of bad faith, although the propriety of same is disputed by Defendant, it would not be unreasonable to expect that a punitive damage award two to three times the amount in controversy could be rendered by the trier of fact.

16.     Prior to the filing of the instant notice, defense counsel sought agreement from plaintiffs' counsel for an agreement to cap damages, in total, at $75,000.  Counsel did not respond and was advised that if he did not, removal would be effectuated on or before July 16, 2014.

**WHEREFORE,** Defendant State Farm Fire and Casualty Company hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

BENNETT, BRICKLIN & SALTZBURG, L.L.C.

**By:**   PAC2642 _____
PAMELA A. CARLOS, ESQUIRE
Attorney I.D. No. 56396
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
carlos@bbs-law.com
Attorney for Defendant
State Farm Fire and Casualty Company

DATE: July 16, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY B. QUINN AND<br>BRYNLEY QUINN | : | **CIVIL ACTION** |
| | : | |
| | : | |
| v. | : | |
| | : | **NO:** |
| STATE FARM FIRE AND<br>CASUALTY COMPANY | : | |

## NOTICE

**TO:**   Anthony B. Quinn, Esquire
1420 Walnut Street, Suite 1107
Philadelphia, PA 19102

PLEASE TAKE NOTICE that defendant, State Farm Fire and Casualty Company , has filed in this Court a verified Notice for Removal of the State Court action, Quinn v. State Farm Fire and Casualty Company, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, June Term 2014 No 1802.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court.  The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

BENNETT, BRICKLIN & SALTZBURG LLC

**By:**   PAC2642
PAMELA A. CARLOS, ESQUIRE
Attorney I.D. No. 56396
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
carlos@bbs-law.com
Attorney for Defendant, State Farm Fire and
Casualty Company

DATE:   July 16, 2014

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY B. QUINN AND | : | **CIVIL ACTION** |
| BRYNLEY QUINN | : | |
| v. | : | |
| | : | |
| STATE FARM FIRE AND | : | **NO:** |
| CASUALTY COMPANY | : | |

### PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA:
$$\S$$
COUNTY OF PHILADELPHIA          :


Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is a member in the law firm of Bennett, Bricklin & Saltzburg, LLC, attorneys for defendant, State Farm Fire and Casualty Company.

That she did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on 16th day of July 2014.

                              **BENNETT, BRICKLIN & SALTZBURG LLC**

**By:**   PAC2642   _____
                              PAMELA A. CARLOS, ESQUIRE
                              Attorney I.D. No. 56396
                              1601 Market Street, 16th Floor
                              Philadelphia, PA 19103
                              (215) 561-4300
                              carlos@bbs-law.com
                              Attorney for Defendant


**Sworn to and subscribed**
**before me this** *16th* **day**
**of** *July* **, 2014.**

_____
**NOTARY PUBLIC**

> **COMMONWEALTH OF PENNSYLVANIA**
> NOTARIAL SEAL
> DENISE M. PATSCH, Notary Public
> City of Philadelphia, Phila. County
> My Commission Expires October 24, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY B. QUINN AND | : | **CIVIL ACTION** |
| BRYNLEY QUINN | : | |
| v. | : | |
| | : | |
| STATE FARM FIRE AND | : | **NO:** |
| CASUALTY COMPANY | : | |

### PROOF OF SERVICE

COMMONWEALTH OF PENNSYLVANIA:

§

COUNTY OF PHILADELPHIA          :

  Pamela A. Carlos, being duly sworn according to law, deposes and says that she is a member of the law firm of Bennett, Bricklin & Saltzburg, LLC, attorneys for defendant, State Farm Fire and Casualty Company, and that she did serve this 16th day of July 2014, the aforementioned notice to plaintiffs upon the individual named below by depositing a copy of same in the United States Post Office box, postage prepaid, enclosed in an envelope plainly addressed to: Anthony B. Quinn, Esquire, 1420 Walnut Street, Suite 1107, Philadelphia, Pa. 19102.

           **BENNETT, BRICKLIN & SALTZBURG LLC**

**By:**  PAC2642 _____

           PAMELA A. CARLOS, ESQUIRE
           Attorney I.D. No. 56396
           1601 Market Street, 16th Floor
           Philadelphia, PA 19103
           (215) 561-4300
           carlos@bbs-law.com
           Attorney for Defendant,
           State Farm Fire and Casualty Company

**Sworn to and subscribed
before me this** *16th* **day
of** *July* **, 2014**

*[signature]*

**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PETSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2017

# EXHIBIT "A"

08-3K59-044

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JUNE 2014          001802

E-Filing Number: 1406024636

PLAINTIFF'S NAME
ANTHONY B. QUINN

DEFENDANT'S NAME
STATE FARM FIRE AND CASUALTY COMPANY

PLAINTIFF'S ADDRESS
1420 WALNUT STREET SUITE 1107
PHILADELPHIA PA 19102

DEFENDANT'S ADDRESS
1500 STATE FARM BOULEVARD
CHARLOTTESVILLE VA 22905

PLAINTIFF'S NAME
BRYNLEY QUINN

DEFENDANT'S NAME

PLAINTIFF'S ADDRESS
1420 WALNUT STREET SUITE 1107
PHILADELPHIA PA 19102

DEFENDANT'S ADDRESS

PLAINTIFF'S NAME

DEFENDANT'S NAME

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS

TOTAL NUMBER OF PLAINTIFFS          TOTAL NUMBER OF DEFENDANTS          COMMENCEMENT OF ACTION
                                    1                                   [X] Complaint          [ ] Petition Action          [ ] Notice of Appeal
                                                                        [ ] Writ of Summons    [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY          COURT PROGRAMS
[ ] $50,000 or less            [ ] Arbitration          [ ] Mass Tort          [ ] Commerce          [ ] Settlement
[X] More than $50,000          [ ] Jury                 [ ] Savings Action     [ ] Minor Court Appeal [ ] Minors
                               [X] Non-Jury             [ ] Petition           [ ] Statutory Appeals  [ ] W/D/Survival
                               [ ] Other

CASE TYPE AND CODE
1J - BAD FAITH

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

JUN 12 2014

K. EDWARDS

IS CASE SUBJECT TO
COORDINATION ORDER?          YES          NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANTHONY B QUINN , BRYNLEY QUINN

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
ANTHONY B. QUINN

ADDRESS
1420 WALNUT STREET
SUITE 1107
PHILADELPHIA PA 19102

PHONE NUMBER                    FAX NUMBER
(215) 751-0949                  (215) 733-0393

E-MAIL ADDRESS
Courts@ABQuinnLaw.com

SUPREME COURT IDENTIFICATION NO.
2693

DATE SUBMITTED
Thursday, June 12, 2014, 02:21 pm

SIGNATURE OF FILING ATTORNEY OR PARTY
ANTHONY QUINN

FINAL COPY (Approved by the Prothonotary Clerk)

Quinn Law Office
By: Anthony Bernard Quinn, Esquire
Attorney Reg. #26931
1420 Walnut Street Suite 1107
Philadelphia, PA 19102
Telephone #215-731-0340
Attorney for plaintiffs



*Filed and Attested by*
*PROTHONOTARY*
*12 JUN 2014 02:22 pm*
*K. EDWARDS*

### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### COURT OF COMMON PLEAS OF PHILADELPHIA
### CIVIL TRIAL DIVISION

Anthony B. Quinn, and
Brynley Quinn
1420 Walnut Street Suite 1107
Philadelphia, PA 19102,          plaintiffs    :        June Term 2014

v.

State Farm Fire and Casualty Company
1500 State Farm Boulevard
Charlottesville, VA 22905-0001,     defendant   :        #

### Complaint -- Civil Action

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO

1

Case ID: 140601802

PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER
LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association Lawyer Referral & Information Service
One Reading Center - 11th Floor
1101 Market Street
Philadelphia, PA 19107
Telephone: 215-238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas
demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de
plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una
comparencia escrita o en persona o con un abogado y entregar a la corte en
forma escrita sus defensas o sus objeciones a las demandas en contra de su
persona. Sea avisado que si usted no se defiende, la corte tomara medidas y
puede continuar la demanda en contra suya sin previo aviso o notificacion.
Ademas, la corte puede decidir a favor del demandante y requiere que usted
cumpla contodas las provisiones de esta demanda. Usted puede perder dinero o
sus propiedades u otros derechos importantes para usted. LLEVE ESTA
DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO
TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O
LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA
ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR
ASISTENCIA LEGAL.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Inforamcion Legal
One Reading Center - Piso 11
1101 Calle Market
Filadelfia, Pennsylvania 19107
Telefono: 215-238-6333

2

Plaintiffs, Anthony B. Quinn and Brynley Quinn, by counsel complains against the defendant, State Farm Fire and Casualty Company, and for cause of action says in manner and form as follows.

### The Parties

1. Plaintiffs are Anthony B. Quinn and Brynley Quinn, and are adult individuals and Pennsylvania citizens.

2. Plaintiffs are the insureds under a policy of insurance more particularly described hereinafter.

3. Defendant State Farm Fire and Casualty Company, a business corporation with a home office address at One State Farm Plaza, Bloomington, Illinois, 61710-0001 and a disclosed policy office address at 1500 State Farm Boulevard, Charlottesville, VA 22905-0001.

4. At all times herein mentioned, defendant was and is a corporation organized and existing under the laws of the state of Illinois, with a principal place of business as aforesaid in the state of Illinois, and authorized by the state of Illinois to engage in insurance business in such state.

5. At all times herein mentioned, defendant was doing business in the city of Philadelphia and writing policies of insurance throughout the Commonwealth of Pennsylvania.

### Operative Facts

6. Since approximately April 1984, Anthony B. Quinn has been a customer

3

Case ID: 140601802

of State Farm, having been continuously insured by policies of homeowners insurance through State Farm agents in the city of Philadelphia.

7. On or about May 27, 2013, State Farm's insured contacted State Farm agent, Michael Hickey, seeking new homeowners coverage for the purchase of a townhouse located at 66 Paladin Drive, Edgemoor, in New Castle County, Delaware.

8. The contact was originated in the city of Philadelphia.

9. Michael Hickey assured State Farm's insured, State Farm would provide full coverage for all potential homeowner risks.

10. Michael Hickey referred State Farm's insured to a Delaware State Farm agency.

11. The said referral agency was the Raleigh Collins Insurance Agency Inc. located in Edgemoor, in New Castle County, Delaware.

12. On or about May 27, 2013, State Farm's insured telephoned Raleigh Collins Insurance Agency Inc. for the purpose of purchasing a $150,000.00 all risk homeowners policy to cover the contracted purchase of a three story townhouse located at 66 Paladin Drive, and detached garage located at 42 Paladin Drive, all situate the Paladin Club condominium in Edgemoor, in New Castle County, Delaware, and to purchase personal property coverage for his daughter, Brynley Quinn.

13. The contact was originated in the city of Philadelphia.

14. State Farm's insured requested a single deductible of $1,000.00, $150,000.00 dwelling coverage and $50,000.00 personal property coverage and

4

annual coverage.

15. State Farm's insured requested a standard homeowner insurance policy to cover all risks.

16. Raleigh Collins Insurance Agency Inc. assured State Farm's insureds, State Farm would provide full coverage for all potential homeowner risks.

17. On or about May 29, 2013, State Farm's insureds paid State Farm through a title agency, a premium of $523.00 to provide full coverage for all potential homeowner risks.

18. State Farm subsequently issued to State Farm's insureds its written condominium unit owners policy, being policy number 08-BD-T556-2, in the face amount of $150,000.00 building coverage and $50,000.00 personal property coverage and annual coverage and a single deductible of $1,000.00.

19. State Farm subsequently delivered to State Farm's insureds the said policy of insurance at their residence in Pennsylvania.

20. The original said condominium unit owners policy, as delivered is appended hereto and incorporated herein.

21. Thereafter, and while the policy of insurance was still in full force and effect, on November 15, 2013, at about 7:15 in the morning, State Farm's insureds' townhouse was partially destroyed by fire.

22. The said fire occurred at the front porch and entry door, which were partially destroyed by fire.

23. The cause of the fire was an excessive accumulation of leaves and mulch under and about the front porch.

5

24. The interior of the townhouse sustained smoke damage throughout and water damage.

25. As a result of the November 15, 2013, fire, State Farm's insureds sustained a loss of use of the townhouse.

26. At the time of the aforesaid fire and loss the insured property was of an actual cash value of $150,000.00.

27. Thereafter, on or about November 15, 2013, State Farm's insured notified State Farm of the fire loss and damage.

28. As a result of State Farm's insureds' townhouse building loss by reason of the said fire, State Farm's insureds were damaged in the sum of approximately $29,000.00.

29. At the time of the said fire, Brynley Quinn was residing with her spouse and their six-month old baby at 66 Paladin Drive.

30. As a result of the loss of use of its insureds' townhouse by reason of the said fire, State Farm's insureds sustained loss of use of the townhouse.

31. State Farm found a hotel for alternative living arrangements while the fire damage was restored.

32. State Farm refused transportation to relocate to the hotel.

33. Finding the living arrangements too expensive, State Farm demanded State Farm's insured relocate.

34. State Farm provided State Farm's insured with the choice of an alternative hotel or an apartment in downtown Wilmington for State Farm's insured and her baby.

6

35. State Farm's insured found the hotel to be unsanitary and bug-infested.

36. State Farm refused transportation to move from the hotel to the apartment.

37. At the downtown Wilmington apartment, State Farm promised onsite parking.

38. After State Farm's insured accepted the apartment, State Farm's insureds learned that State Farm lied about onsite parking being available.

39. State Farm failed to disclose parking was available at a garage located a distance of eight blocks from the apartment.

40. State Farm failed to disclose the apartment neighborhood was unsafe.

41. The available parking garage, eight blocks from the apartment, was not feasible as State Farm did foresee State Farm's insured had to walk through unsafe neighborhoods, through predictable snow and inclement weather, with a baby stroller and groceries, in order to travel by car.

42. On January 9, 2014, State Farm's insured was mugged at the front door of the apartment building while retrieving groceries.

43. In the assault and battery, State Farm's insured's cellphone was stolen and State Farm's insured was injured.

44. It was diabolical for State Farm to have placed a young woman with a baby at an unsafe location.

45. It was diabolical for State Farm to have lied about the availability of onsite parking in an unsafe location.

46. The conduct of State Farm was to convince State Farm's insured to

7

accept one of two inexpensive, undesirable alternate living arrangements.

47. On January 23, 2014, State Farm's insureds requested reimbursement for the parking violations which incurred as a result of the unsafe conditions State Farm had foisted upon State Farm's insured.

48. On January 23, 2014, State Farm's insureds requested reimbursement for the lost cellphone which was lost due to the unsafe conditions State Farm had foisted upon State Farm's insured.

49. By letter dated January 29, 2014, State Farm refused.

50. State Farm placed its financial interest ahead of its contractual obligations to its insureds.

51. Between November 15, 2013, and December 18, 2013, State Farm failed in its contractual obligation to adjust the loss and authorize restoration work to commence.

52. On December 18, 2013 State Farm's insured telephoned the public adjuster, Gary Bernstein and left a message for a return call.

53. On December 18, 2013, Gary Bernstein returned the telephone call, advised he was a public adjuster, and confirmed he does not have a contract to adjust the loss at 66 Paladin Drive Edgemoor DE and the 11/15/2013 fire.

54. On December 18, 2013 State Farm's insured telephoned the restoration contractor, National Restoration and was advised the delay was caused by the refusal of State Farm to respond to requests for coverage and authorization to repair.

55. National Restoration further confirmed State Farm was causing a

8

delay in getting approvals for restoration required to be done inside the townhouse.

56. National Restoration further confirmed State Farm refused to pay an electrician to inspect and approve electric utility to be restored so work could commence.

57. National Restoration further confirmed restoration was two weeks work.

58. National Restoration further confirmed Gary Bernstein of Associated Property Loss Consultants was unable to provide any assistance with State Farm.

59. National Restoration further confirmed the difficulty in navigating amongst an uncooperative public adjuster, and the refusal of Travelers and State Farm to communicate with National Restoration.

60. On December 18, 2013 State Farm's insureds telephoned defendant's agent, Stephen Benedek concerning the fact that state Farm had not adjusted the loss and authorized restoration to have commenced.

61. Defendant's agent, Stephen Benedek refused to speak with State Farm's insureds.

62. Defendant's agent, Stephen Benedek did not return at least two subsequent telephone messages from State Farm's insureds and National Restoration.

63. State Farm placed the interests of their persona ahead of its contractual obligations to its insureds.

9

64. On December 18, 2013 State Farm's insureds sent by electronic mail addressed to defendant's agent, Stephen Benedek notice that the services of Gary Bernstein and Associated Property Loss Consultants was discharged for unsatisfactory service.

65. On December 20, 2013, defendant's agent, Stephen Benedek corresponded by electronic mail with Gary Bernstein to determine whether Bernstein was, "releasing the insured from the contract, or if the contract pertains only to the Contents portion of the loss."

66. State Farm thereupon refused to honor the instructions of State Farm's insured.

67. On December 27, 2013 State Farm's insureds again contacted the restoration contractor, National Restoration.

68. State Farm's insureds again confirmed State Farm had not contacted National Restoration nor approved the scope of work.

69. On December 27, 2013 State Farm's insureds again attempted to contact State Farm.

70. State Farm's insureds sought to speak with a supervisor, who was identified as Ed Dillon. State Farm's insureds's call was placed on hold.

71. After waiting on hold for 13 minutes, State Farm's insureds called again and was told the supervisor had, in the interim, while State Farm's insureds's call was holding, left for the day.

72. On December 27, 2013 State Farm's insureds contacted the State Farm agent, Raleigh Collins Ins Agency Inc. for assistance in dealing with State Farm.

10

73. Raleigh Collins Ins Agency Inc. recommended State Farm's insureds contact the Delaware Insurance Commissioner concerning State Farm's conduct.

74. On December 27, 2013 State Farm's insureds contacted the State Farm agent, Michael Hickey, who had collected insurance premiums for State Farm for 28 years; for assistance in dealing with State Farm.

75. On December 30, 2013, defendant's agent, Michael Hickey responded by electronic mail with a message for Stephen Benedek's manager, "requesting contact with you directly."

76. State Farm's manager did not respond to State Farm's insureds.

77. State Farm placed the interests of third parties ahead of its contractual obligations to its insured.

78. Between November 18, 2013 and January 2, 2014, Gary Bernstein and Associated Property Loss Consultants did not contact State Farm to adjust the loss at 66 Paladin Drive.

79. In a December 30, 2013, letter, State Farm agent, Verna Weeks issued a claim draft in the amount of $3,555.74 representing the actual cash value of dwelling repairs.

80. In the December 30, 2013, letter, State Farm agent, Verna Weeks wrote State Farm would additionally pay the "actual cost of repairs, or $1,921.44, whichever is less."

81. State Farm's insureds dwelling losses were approximately $29,000.00.

82. On January 10, 2014, State Farm's insured was again contacted by State Farm agent, Michael Hickey, who advised that he had a conversation with

11

the claims supervisor, and further advised that the scope of work was approved. *Not True*

83. On January 16, 2014, National Restoration reported it, "has concerns about the insurance companies covering the amount of work the loss warrants. Currently we believe there is not enough money allotted by the insurance companies to complete the job to remove the odor and repair the damages."

84. State Farm has never approved the scope of work.

85. In a January 20, 2014, email, State Farm agent, Stephen Benedek stated a personal property loss draft in the amount of $3,000.00 had been issued to State Farm's insureds.

86. The statement was a lie.

87. State Farm did not issue a personal property loss draft in the amount of $3,000.00 to State Farm's insureds.

88. On January 23, 2014, State Farm's insureds requested a copy of the said personal property loss draft.

89. State Farm agent, Stephen Benedek did not respond.

90. On January 24, 2014, State Farm's insureds provided to State Farm agent, Stephen Benedek a partial list of personal property which have been destroyed or became unusable.

91. State Farm agent, Stephen Benedek did not respond to State Farm's insureds.

92. State Farm agent, Stephen Benedek refused to itemize the method of determining the personal property loss paid.

93. On March 7, 2014, State Farm's insureds provided to State Farm agent,

12

Stephen Benedek notice that, "This letter will inform State Farm that neither Travelers Insurance nor the Paladin Club Master Association have commenced making any of the necessary restorations to the unit, 66 Paladin Drive."

94. Further, State Farm's insureds notified State Farm agent, Stephen Benedek that, "Accordingly, I shall have the repairs to 66 Paladin Drive completed forthwith, and will submit the invoices to State Farm for prompt direct payment."

95. State Farm agent, Stephen Benedek did not respond to its insureds.

96. As of March 7, 2014, and at all times prior and subsequent thereto, State Farm had notice that the necessary repairs to its insureds' property had not been made.

97. By letter dated March 10, 2014, State Farm agent, Stephen Benedek stated, "If Mr. Quinn submits inovices to our office, as he indicated he would in his letter, those invoices will be rejected."

98. State Farm's duty was to its insureds.

99. On May 26, 2014, State Farm's insureds shopped for homeowner insurance.

100. At that time, State Farm's insureds learned that State Farm had reported the occurrence of three open fire claims.

101. The claims were reported by State Farm to have occurred at 709-711 Pleasant Avenue, Wyndmoor PA on November 15, 2013.

102. State Farm's insureds did not have a fire loss at 709-711 Pleasant Avenue, Wyndmoor PA at any time.

13

103. On May 26, 2014, State Farm agent, Michael Hickey, denied a loss report had been made for a fire loss at 709-711 Pleasant Avenue, Wyndmoor PA at any time.

104. The loss report falsely states State Farm paid $22,211.00 for personal property losses.

105. State Farm did not pay $22,211.00 for personal property losses to its insureds.

106. On May 27, 2014, State Farm agent, Michael Hickey, denied a loss report had been made for a fire loss at 709-711 Pleasant Avenue, Wyndmoor PA at any time.

107. The said denials were a lie.

108. The three State Farm fire loss reports concerning 709-711 Pleasant Avenue, Wyndmoor PA are a lie.

109. State Farm did disregard State Farm's insureds' proofs of loss.


Count I

BREACH OF CONTRACT

110. Pursuant to Pa.R.C.P. #1019(g), plaintiffs incorporate each of the foregoing averments as fully as though set forth herein at length.

111. Thereafter, within the time prescribed in the policy of insurance, on November 15, 2013, and on many subsequent dates thereafter, State Farm's insureds filed proofs of loss and presented same to defendant.

112. State Farm's insureds have fully complied with each and every term,

14

Case ID: 140601802

condition and provision of the policy of insurance on their part to be performed.

113. The aforesaid policy of insurance was in full and effect and obligatory at the time of the above-mentioned fire, loss and damage, and the State Farm, though repeatedly requested to do so, has failed and refused to pay to State Farm's insureds the amount due to be paid under the terms of the policy.

114. State Farm's insureds sustained a loss less than the maximum amount of recovery allowed under the policy.

115. Therefore, State Farm's insureds is entitled to recover of and from State Farm the full amount of the losses, together with interest thereon from November 15, 2013, the date of the fire at the regular rate of legal interest per annum, to recover all of which this action is brought.

Wherefore, plaintiffs, Anthony B. Quinn and Brynley Quinn demand judgment in their favor and against defendant, State Farm Fire and Casualty Company for damages in an amount not in excess of $75,000.00, for interest, for damages for delay, and for court costs.


Count II

BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

116. Pursuant to Pa.R.C.P. #1019(g), plaintiffs incorporate each of the foregoing averments as fully as though set forth herein at length.

117. State Farm owed State Farm's insureds a duty of good faith and fair dealing in performing its contractual duties and obligations.

118. State Farm breached that duty by, among other things, asserting its

15

own financial interests ahead of its contractual obligations, by asserting the interests of third persons ahead of its contractual obligations, and a

119. State Farm's conduct reveals, among other things, bad faith, a lack of diligence regarding the reconstruction of the property, willful evasion of the spirit of the insurance contract, and a willful rendering and imperfect performance.

120. As a direct and proximate cause of State Farm's breach of its implied duty of good faith and fair dealing, State Farm's insureds have sustained economic loss and injury.

Wherefore, plaintiffs, Anthony B. Quinn and Brynley Quinn demand judgment in their favor and against defendant, State Farm Fire and Casualty Company for damages in an amount not in excess of $75,000.00, for interest, for damages for delay, and for court costs.

Count III

INSURANCE BAD FAITH

121. Pursuant to Pa.R.C.P. #1019(g), plaintiffs incorporate each of the foregoing averments as fully as though set forth herein at length.

122. Defendant conducts its business through employed and contractual racketeers.

123. The conduct of defendant as aforesaid leading to its refusal to pay State Farm's insureds' claim under the policy constitutes insurance bad faith acts or practices.

16

124. State Farm did refuse to respond to State Farm's insureds' demands for payment of their claims.

125. Under the said law, State Farm's insureds are entitled to recover interest at the rate of 18% from the date payment was due, exemplary damages, attorney fees and costs caused by defendant's improper conduct.

Wherefore, plaintiffs, Anthony B. Quinn and Brynley Quinn demand judgment in their favor and against defendant, State Farm Fire and Casualty Company for damages in an amount not in excess of $75,000.00, for interest, for damages for delay, and for court costs.

Count IV

UNFAIR CREDIT REPORTING

126. Pursuant to Pa.R.C.P. #1019(g), plaintiffs incorporate each of the foregoing averments as fully as though set forth herein at length.

127. State Farm has unfairly and falsely reported the existence of insurance claims, as hereinabove set forth.

128. State Farm has failed to disclose if the information in false reports has been used against State Farm's insured.

129. State Farm has failed to make full disclosure of the contents of the false reports.

130. State Farm has failed provide the right to dispute incomplete or inaccurate information in the false reports.

131. State Farm has failed provide the right to have incorrect, incomplete,

17

unverified or outdated information corrected or removed.

132. State Farm has failed provide notice of an adverse action taken to deny insurance based on the contents of the false reports.

133. As a direct and proximate cause of State Farm's breach of the Fair Credit Reporting Act, State Farm's insureds have sustained economic loss and injury.

Wherefore, plaintiffs, Anthony B. Quinn and Brynley Quinn demand judgment in their favor and against defendant, State Farm Fire and Casualty Company for damages in an amount not in excess of $75,000.00, for interest, for damages for delay, and for court costs.

Count V

UNFAIR AND DECEPTIVE ACTS AND PRACTICES

134. Pursuant to Pa.R.C.P. #1019(g), plaintiffs incorporate each of the foregoing averments as fully as though set forth herein at length.

135. State Farm did refuse to respond to State Farm's insureds' demands for payment of their claims.

136. State Farm conduct constitutes an unfair and deceptive act and practice prohibited by the Unfair Trade Practice and Consumer Protection Law.

137. As a direct and proximate cause of State Farm's breach of its duties, State Farm's insureds have sustained economic loss and injury.

138. Under the said law, State Farm's insureds is entitled to recover treble damages, exemplary damages, attorney fees and costs caused by State Farm's

18

improper conduct.

Wherefore, plaintiffs, Anthony B. Quinn and Brynley Quinn demand judgment in their favor and against defendant, State Farm Fire and Casualty Company for damages in an amount not in excess of $75,000.00, for interest, for damages for delay, and for court costs.

Respectfully submitted,

Anthony Bernard Quinn
Attorney for plaintiffs

19

Case ID: 140601802

Quinn Law Office
By: Anthony Bernard Quinn Esquire
Attorney Reg. #26931
1420 Walnut Street Suite 1107
Philadelphia, PA 19102
Telephone #215-731-0340
Attorney for plaintiffs

COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

Anthony B. Quinn, and
Brynley Quinn,                          plaintiffs   :     June Term 2014

v.

State Farm Fire and Casualty Company, defendant :        #

**VERIFICATION**

Anthony B. Quinn hereby states:

1. I am one of the plaintiffs herein;

2. I verify that the statements made in the foregoing complaint are true and

correct to the best of my knowledge, and/or are made upon information and

belief.

3. I understand that the statements made in the foregoing complaint are

made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn

falsification to authorities.

Dated: June 12, 2014

1

Case ID: 140601802

Quinn Law Office
By: Anthony Bernard Quinn Esquire
Attorney Reg. #26931
1420 Walnut Street Suite 1107
Philadelphia, PA 19102
Telephone #215-731-0340
Attorney for plaintiffs

COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

Anthony B. Quinn, and
Brynley Quinn,                           plaintiffs  :    June Term 2014

v.

State Farm Fire and Casualty Company, defendant :    #

## CERTIFICATE OF SERVICE

Service of the **Civil Action Complaint** and all attachments was made this

June 12, 2014 upon all persons entitled thereto or to their attorneys of record by

the electronic case filing system. Such service satisfies the requirements of

Pa.R.C.P. ##205.4(g)(2)(ii) and 440.

_____
Anthony Bernard Quinn

Case ID: 140601802