IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY B. QUINN and | : | CIVIL ACTION |
| BRYNLEY QUINN | : | NO. 14-4281 |
| | : | |
| v. | : | |
| | : | |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY | : | |

O'NEILL, J.                                                                                            October 6, 2015

## MEMORANDUM

Plaintiffs Anthony Quinn and Brynley Quinn have sued State Farm Fire and Casualty Company for its alleged breach of contract and bad faith arising out of an insurance claim dispute after a November 15, 2013 fire.[1] Before me is plaintiffs' motion for unredacted discovery pursuant to Federal Rule of Civil Procedure 37(a) (Dkt. No. 19), defendant's response (Dkt. No. 20) and plaintiffs' supplemental brief (Dkt. No. 21) as well as attached contested discovery material. Plaintiffs challenge defendant's redactions to certain documents. I will deny plaintiffs' motion for unredacted discovery for the reasons that follow.

Federal Rule of Civil Procedure 26(b)(1) provides for broad discovery of any information "relevant to any party's claim or defense" which "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 401 of the Federal Rules of Evidence defines evidence as relevant when "it has any tendency to make a fact more or less probable." Decisions on discovery matters are generally within the discretion of the district court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move to compel

---

[1] On December 29, 2014, I dismissed plaintiffs' claims of breach of duty of good faith and fair dealing, unfair credit reporting and unfair and deceptive acts and practices.

discovery when existing disclosures have been insufficient.  Rule 37 requires a party filing a motion to compel to first attempt to obtain discovery in good faith from the other party without seeking court intervention.  Fed. R. Civ. P. 37(a)(1).  A party moving to compel discovery "bears the initial burden of showing the relevance of the requested information." Morrison v. Philadelphia Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001).  The burden then shifts to the party resisting disclosure to show that "the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013), citing McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 193 (M.D. Pa. 2011).

Plaintiffs challenge several of defendant's redactions to plaintiffs' insurance claim file.  In its response to plaintiffs' motion, defendant explains its redactions and provides modified redacted versions of some documents.[2]  Plaintiffs continue to seek unredacted discovery of the below documents.

**I.     Letters and e-mail communications between plaintiffs and defendant**

Plaintiffs first request several letter and e-mail communications between plaintiffs and

---

[2] Defendant produced documents to plaintiffs on January 19, 2015.  Dkt No. 20 at ¶ 2.  Plaintiffs sent defendant a demand for unredacted discovery on June 16, 2015 and filed this motion for unredacted discovery eight days later on June 24, 2015.  Dkt. No. 19 at ¶ 2.  Defendant claims that the June 16, 2015 letter was the first time plaintiffs requested unredacted documents.  Dkt. No. 20 at ¶ 2.  Rule 37 requires a party moving to compel to certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Plaintiffs have only certified that they served their request to defendant and that "no response has been made."  Dkt. No. 19 at ¶ 2.  It appears that plaintiffs did not take any other measures to resolve this dispute before filing this motion to compel only eight days after sending defendant a letter requesting unredacted documents.  However, I will decide plaintiffs' motion to permit the parties to move forward with arbitration.

defendant that plaintiffs claim defendant did not produce.[3] Dkt. No. 19 at ¶¶ 5-7. Defendant asserts that it does not keep a "physical file folder" and that it stores all claim information in an electronic claims system. Dkt. No. 20 at ¶¶ 5-7. Defendant states that it has produced the full electronic claim file subject to redactions but that it "cannot warrant that each and every communication which may have been exchanged between all parties was ultimately stored" in its electronic system. Id. Although plaintiffs argue that the missing documents place them at risk of disadvantage at trial, they do not claim that defendant purposely kept documents from them or acted in bad faith in failing to store the documents.[4] See Dkt. No. 21 at ECF p. 4. I accept defendant's representation that it does not have any additional documents of the type requested by plaintiffs. I cannot require defendant to produce documents that it has represented it does not have. See, e.g., Graco, Inc. v. PMC Global, Inc., No. 08-1304, 2011 WL 1114233, at *43 (D.N.J. Mar. 24, 2011); Jackson v. Geometrica, Inc., No. 3:04CV640J20HTS, 2006 WL 213860, at *3 (M.D. Fla. Jan. 27, 2006); Scott C. v. Bethlehem Area Sch. Dist., No. 00-642, 2002 WL 32349817, at *2 (E.D. Pa. July 23, 2002). However, I remind defendant that it is under a continuing duty to supplement discovery disclosures if any other responsive documents are found. See Fed. R. Civ. P. 26(e).

---

[3] Plaintiffs do not specifically identify missing letters or e-mails, referring to them only as "seven letter communications from plaintiff to State Farm," "fourteen email communications from plaintiff to State Farm" and "all letter communications from State Farm to plaintiff." Dkt. No. 19 at ¶¶ 5-7. As plaintiffs' own initial disclosures list numerous letters and e-mails with defendant already in their possession, it is unclear to me whether plaintiffs are requesting copies of those same documents or missing communications. See Dkt. No. 17 at ECF p. 2-4.

[4] Plaintiffs ask me to bar defendant from "discussing at trial any action not reflected in the claims file" out of fear that "the claims adjuster [will] fill in redacted information from memory at trial." Dkt. No. 21 at ECF p. 4. Plaintiffs do not cite any legal precedent to support their request. The Federal Rules of Evidence permit lay witnesses with personal knowledge of relevant matters to testify if they are competent and their testimony is not barred by any other rule such as the rule against hearsay. See Fed R. Evid. 602 ("A witness may testify to a matter only if . . . the witness has personal knowledge of the matter.").

## II.     Redacted pages SF0022, SF0023 and SF0033

Plaintiffs claim that defendant redacted relevant insured information on pages SF0022, SF0023 and SF0033 of the discovery materials defendant provided. Dkt. No. 19 at ¶ 9. In response, defendant argues that the redacted portions on SF0022 and SF0023 relate to "events which occurred on other dates and at locations other than [the] subject site." Dkt. No. 20 at ¶ 9. The redacted portions on pages SF0022 and SF0023 are all labeled with dates between 2007 and 2011. Dkt. No. 19-3 at ECF p. 3-4. Plaintiffs have not addressed why redacted materials from at least two years before the underlying 2013 fire are relevant to their claims. I will deny plaintiffs' request for unredacted copies of SF0022 and SF0023 because they have not established the relevance of these entries.

Defendant submitted a modified redaction of SF0033 in response to plaintiffs' motion. Dkt. No. 20 at ¶ 9. Plaintiffs do not address defendant's modified redaction of SF0033 in their supplemental brief. See id. at ECF p. 35-36. Defendant's privilege log explains that the redacted information is irrelevant because it relates to "third party liability claims made by Barbara Bradley." Dkt. No. 19-2 at ECF p. 2. Nearly all of defendant's redactions were made to entries in the claims file about this third party. See id. at ECF p. 2-8. Yet, plaintiffs do not explain why any entry about this third party — or this entry in particular — is relevant to their claims. I will deny plaintiffs' request for an unredacted copy of SF0033 as they have not established the relevance of the remaining redacted portions.

## III.    Redacted pages SF0038, SF0049 and SF0683

Plaintiffs also claim that defendant redacted relevant insured information on pages SF0038, SF0049 and SF0683 of the discovery materials. Dkt. No. 19 at ¶ 10. Defendant responds by submitting a modified redaction of SF0038 and an unredacted copy of SF0049. Dkt.

No. 20 at ECF p. 38-41.  Defendant maintains that the remaining redacted statements in SF0038 and SF0683 are irrelevant as they "pertain to losses of third parties not related to the underlying plaintiffs' loss."  Id. at ¶ 10.  Defendant's privilege log identifies this third party as Barbara Bradley.  See Dkt. No. 19-2 at ECF p. 3, 6.  Plaintiffs again fail to address the relevance of information pertaining to this third party, only stating in their supplemental brief that SF0038 and SF0049 contain redactions of relevant cleaning and repair estimates.  Dkt. No. 21 at ECF p. 4.  As SF0049 has been produced unredacted, it is not clear to me why plaintiffs appear to continue to contest the unredacted version.  See Dkt. No. 20 at ECF p. 40-41.  Further, plaintiffs are not entitled to an unredacted copy of SF0038 or SF0683 because they have not established the relevance of the redacted portions.  I will deny plaintiffs' request for SF0038, SF0049 and SF0683.

### IV.  Redacted page SF0019 and "unrecognizable additional pages"

Plaintiffs claim that defendant redacted relevant subrogation claim information in SF0019 of the discovery materials.  Dkt. No. 19 at ¶ 11.  In its response, defendant provides an unredacted version of the relevant portion of SF0019.  Dkt. No. 20 at ECF p. 43-44.  I cannot rule on plaintiffs' objection to the extent that it pertains to redactions on "unrecognizable additional pages" because plaintiffs have neither identified nor attached these additional pages.

### V.  Photographs

Plaintiffs assert that defendant "redacted claim photographs of plaintiff's residence and produced photographs of an unrelated loss," referring to SF1225, SF1235, SF1246, SF1249-50 and SF1252-53.  Dkt. No. 19 at ¶ 13.  Although plaintiffs attach photographs to their motion which they claim are from an unrelated loss, plaintiffs have not further identified the photographs which they believe have been redacted.  Defendant represents that it "has produced

all photographic information" in its electronic claim file for plaintiffs.  Dkt. No. 20 at ¶ 13.  Defendant has not listed any photographs as redacted in its privilege log.  See Dkt. No. 19-2 at ECF p. 2-8.  Because plaintiffs have not specified any missing photographs or the location of photograph redactions, I accept defendant's representation that it does not have any additional photographs to disclose.  I cannot order defendant to produce documents that it does not have, particularly when plaintiffs have not established that additional photographs exist.

### VII. Defendant's "scope of loss"

Plaintiffs argue that defendant has redacted its "scope of loss."  Dkt. No. 19 at ¶¶ 4, 12.  Plaintiffs do not point to specific redactions that defendant has made on this topic or where relevant additional information is missing.  I cannot compel defendant to produce unidentifiable unredacted documents or entries.

### VIII. Blank pages

Finally, plaintiffs originally objected to defendant's production of numerous blank pages in the provided discovery materials.  Dkt. No. 19 at ¶ 8.  Defendant states that these pages were "either an existing blank page or a cover page."  Dkt. No. 20 at ¶ 8.  Plaintiffs do not contest defendant's representation in their supplemental brief.

For the above reasons, I will deny plaintiffs' motion for unredacted discovery.

An appropriate Order follows.